J-A07011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY MICHAEL MAYEWSKI | : | |
| | : | |
| Appellant | : | No. 687 MDA 2019 |

Appeal from the Judgment of Sentence Entered November 20, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0002018-2017

BEFORE:  OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:                                   **FILED JUNE 18, 2020**

Appellant, Timothy Michael Mayewski, appeals from the judgment of sentence entered on November 20, 2018, as made final by the denial of his post-sentence motion on March 27, 2019, following his guilty plea to aggravated indecent assault of a child less than 13 years old.[1]  We affirm.

The trial court accurately summarized the factual and procedural history of this case as follows.

> [In 2017, Appellant] was charged with one count of aggravated indecent assault, two counts of indecent assault, one count of corruption of minors and one count of endangering [the] welfare of children.  On May 21, 2018, [Appellant pled guilty] to aggravated indecent assault of a child less than [13 years old.]
>
> At the time of his guilty plea, [Appellant] was made aware of the maximum possible sentence[,] as well as his lifetime registration requirement pursuant to 42 Pa.C.S.A. [§] 9799.15 (a)(3).  He was also advised of his requirement to undergo an evaluation by the

---

[1] 18 Pa.C.S.A. § 3125(a)(7).

Sexual Offenders Assessment Board. Sentencing was scheduled for August 3, 2018.

On August 1, 2018, the Commonwealth submitted a motion to schedule [a Sexually Violent Predator (SVP)] hearing pursuant to 42 Pa.C.S.A. [§] 9799.24(e). As a result of the motion, a hearing was scheduled for August 31, 2018 and sentencing did not occur on August 3[, 2018]. Prior to the hearing, [Appellant filed] a motion in opposition to [the SVP] hearing . . . and the Commonwealth filed a response. The hearing scheduled for August 31, 2018 was continued at the request of [Appellant]. Sentencing and the hearing to determine if [Appellant] would be [assigned SVP status] took place on November 20, 2018.

Immediately prior to the imposition of sentence on November 20, 2018, [a] hearing was held to determine whether [Appellant] was [an SVP]. Defense counsel again objected to the SVP hearing as well as the reporting and registration requirements imposed by the Sexual Offender Registration Notification Act [(SORNA)]. [**See**] 42 Pa.C.S.A. [§]9799.10 *et seq*. At the conclusion of the hearing, th[e trial court] determined [that Appellant was an SVP,] thereby subjecting him to a lifetime registration requirement. [Appellant] was also subject to [] lifetime registration as a result of his status as a Tier III offender. The Assistant District Attorney provided [Appellant] with notice of his reporting requirements by reading them into the record. [Thereafter, the trial court sentenced Appellant to 36 to 120 months' incarceration] in a state correctional institution. This sentence was within the standard range of the guidelines. [Appellant] also received credit for serving 546 days of incarceration prior to sentencing.

On November 30, 2018, [Appellant filed a] post[-]sentence motion[ which raised] various constitutional challenges . . . [to SORNA] as well as [Appellant's] designation as [an SVP]. [Appellant] also sought [] reconsideration of his sentence. The [trial court denied Appellant's] post[-]sentence motion[] . . . [on] March 27, 2019. [This timely appeal followed.[2]]

---

[2] Appellant filed a notice of appeal on April 23, 2019. On April 26, 2019, the trial court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1). Appellant timely complied. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on June 21, 2019.

Trial Court Opinion, 6/21/19, at *1-2 (un-paginated) (superfluous capitalization omitted) (footnote added).

Appellant raises the following issue on appeal:

I.    [Whether SORNA II contravenes the Fifth, Sixth and 14th Amendments of the United States' Constitution and corresponding provisions of the Pennsylvania Constitution as a criminal punishment without appropriate due process when Appellant's designation as an SVP was not submitted to a fact finder or jury and proven beyond a reasonable doubt pursuant to **Commonwealth v. Butler**, 173 A.3d 1212, 1213 (Pa. Super. 2017)("**Butler I**"); **Apprendi v. New Jersey**, 560 U.S. 466 (2000); and **Alleyne v. United States**, 570 U.S. 99 (2013)?]

**See generally** Appellant's Brief at 2.

Herein, Appellant argues that his designation as an SVP is unconstitutional in view of our Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017). Appellant's Brief at 5-7. Specifically, Appellant argues that, while **Muniz** dealt with an earlier version of SORNA ("SORNA I"), "the amendments made to Subchapter H of Title 42, by Act 29[] of 2018 (referred to as 'SORNA II'), which apply to Appellant, are *de minimis*." **Id**. at 5. As such, Appellant asserts Subchapter H of SORNA II "remains punitive or punishment" and, therefore, is unconstitutional. **Id**. at 6. Further, Appellant contends that the procedure by which he was designated as an SVP is unconstitutional pursuant to this Court's decision in **Butler I**, as well as the United States Supreme Court's opinions in **Apprendi** and **Alleyne**. **Id**. at 7. Accordingly, Appellant asks this Court to vacate his SVP designation. **Id**.

Appellant's claim challenges the legality of his sentence. An issue relating to legality of sentence presents a question of law for our review. *Commonwealth v. Jacobs*, 39 A.3d 977, 982 (Pa. 2012) (citation omitted). "When addressing such questions of law, we employ a plenary scope of review, and our standard of review is *de novo*." *Id.*

This Court recently explained:

[Appellant] is correct that *Muniz* established that SORNA I's registration requirements, as applied retroactively, were punitive and constituted punishment. In reaching that decision, the Court in *Muniz* employed the seven-factor test set forth by the United States Supreme Court in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963), and found that those registration requirements were violative of the *ex post facto* clauses of the United States and Pennsylvania Constitutions. *See Muniz*, 164 A.3d at 1223.

Similarly, [Appellant] is also right that *Butler I* held that a necessary corollary to *Muniz* was that an SVP determination required constitutional procedural safeguards. In so finding, *Butler I* relied heavily on the United States Supreme Court cases *Apprendi* and *Alleyne*. *See Butler I*, 173 A.3d at 1216-[12]18. To summarize, *Apprendi* found that "it [was] unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed." *Id.*[] at 1216. Moreover, "such facts must be established by proof beyond a reasonable doubt." *Id.*[] at 1217. Subsequently, *Alleyne* mandated that "any fact that increases the mandatory minimum sentence for a crime is an element that must be submitted to the jury and found beyond a reasonable doubt." *Id.*

The panel in *Butler I* emphasized that "*Apprendi* and *Alleyne* apply to all types of punishment, not just imprisonment." *Id.* Therefore, if any factual determination results in an increased punishment-based sentence, that finding must be adjudicated beyond a reasonable doubt.

In utilizing the precepts contained within *Apprendi* and *Alleyne*, *Butler I* also illuminated our Supreme Court's determination in *Muniz*, wherein the Court designated the registration

- 4 -

requirements under SORNA to be a form of criminal punishment. **See id.** Accordingly, **Butler I** made the connection that "since our Supreme Court has held that SORNA registration requirements are punitive or a criminal penalty to which individuals are exposed, then under **Apprendi** and **Alleyne**, a factual finding ... that increases the length of registration must be found beyond a reasonable doubt[.]" **Id.**

In response, the General Assembly enacted responsive legislation known collectively as SORNA II, which our Governor thereafter signed into law. **See** Act of Feb. 21 2018, P.L. 27, No. 10; Act of June 12, 2018, P.L. 1952, No. 29. The legislation explicitly notes that it was passed in response to **Muniz** and **Butler I**.

Recently, however, our Supreme Court reviewed **Butler I** and reversed much of its legal analysis and underpinnings. [**Commonwealth v. Butler**, 2020 WL 1466299 (Pa. March 26, 2020) ("**Butler II**")]. In distinguishing [the facts underlying **Butler I and II**] itself from the facts of **Muniz**, the Court remarked:

> SVPs are different from the non-SVP SORNA registrants at issue in **Muniz** due to heightened public safety concerns based on the determination [that] SVPs have "a mental abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent offenses." 42 Pa.C.S. § 9799.12. Therefore, a simple extrapolation from the analysis in **Muniz** is insufficient to determine whether the RNC [registration, notification, and counseling] requirements constitute criminal punishment.

**Id.**[] 2020 WL 1466299 at *10.

In continuing its discussion, the Supreme Court conducted an examination of the [RNC] requirements as applicable to SVPs using the two-part inquiry employed in **Commonwealth v. Williams**, 832 A.2d 962 (Pa. 2003) . . . and subsequently in **Muniz**. **See Muniz**, 164 A.3d at 1208 (analyzing first the General Assembly's intent and second a series of enumerated factors).

First, the **Butler II** Court determined [that] the General Assembly's intention with respect to Subchapter H was non-punitive in nature. **See Butler II**, 2020 WL 1466299 at *11. Next, the Court considered the **Mendoza-Martinez** factors and determined the punitive factors did not outweigh the non-punitive ones. **See id.**[] at *12-15. The Court held:

- 5 -

> Although we recognize [that] the RNC requirements impose affirmative disabilities or restraints upon SVPs, and those requirements have been historically regarded as punishment, our conclusions in this regard are not dispositive on the larger question of whether the statutory requirements constitute criminal punishment. This is especially so where the government in this case is concerned with protecting the public, through counseling and public notification rather than deterrent threats, not from those who have been convicted of certain enumerated crimes, but instead from those who have been found to be dangerously mentally ill. Under the circumstances, and also because we do not find the RNC requirements to be excessive in light of the heightened public safety concerns attendant to SVPs, we conclude the RNC requirements do not constitute criminal punishment.
>
> *Id.*[] at *15 (citation omitted) (emphasis [omitted]). Most importantly and of greatest relevance here was the Court's determination that "the procedure for designating individuals as SVPs under Section 9799.24(e)(3) is not subject to the requirements for *Apprendi* and *Alleyne* and remains constitutionally permissible." *Id.*[] at *1.

*Commonwealth v. Titus*, 2020 WL 2617029, at *2-3 (Pa. Super. May 22, 2020).

Herein, in light of our Supreme Court's decision in *Butler II*, we conclude that Subchapter H is not punitive and that the trial court did not err in designating Appellant as an SVP under SORNA II. We therefore affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/18/2020